UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EUGENE SMITH,

          Plaintiff,

       v.                                       Case No. 21-C-1122

RANDALL R. HEPP,
E. PROPXEN, and
J. FALKE,

          Defendants.

## SCREENING ORDER

      Plaintiff Eugene Smith, who is currently serving a state prison sentence at the Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Smith's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

      Smith has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Smith has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2) and has been assessed and paid an initial partial filing fee of $16.47. Smith's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Smith alleges that there is an "issue with the water" at his institution "that has been going on for the last few years." He asserts that water samples collected on June 12, 2019, September 3, 2019, December 3, 2019, and March 3, 2020 showed a high level of radium. According to Smith, the radium is so high that it violates state and federal safety laws and, while it purportedly does not pose an immediate risk, it can, over time, cause bone cancer. Dkt. No. 1 at 3-4.

Smith alleges that a January 30, 2020 memo stated that providing clean drinking water to staff and inmates is a top priority, but as of September 2021, there has been no improvement to the water quality. Smith asserts that there has been talk of building a treatment process, but that will take several years, and in the meantime, he has to consume the contaminated water. Smith explains that he arrived at the institution on November 8, 2019, and he is set to be there until February 15, 2022. According to Smith, he requested a radium test after he started feeling pain in his arm, but he was informed that "they do not do that here." Dkt. No. 1 at 5.

## THE COURT'S ANALYSIS

Under the Eighth Amendment, "prison officials must take reasonable measures to ensure an inmate's safety." *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). "To state a claim premised on prison officials' failure to protect him from harm, [a plaintiff] must allege that the defendants knew of and disregarded an 'excessive risk' to his 'health and safety.'" *Id*. (citing *Farmer*, 511 U.S. at 837). The Seventh Circuit has noted that prison officials "cannot deprive inmates of drinkable water." *Smith v. Dart*, 803 F.3d 304, 313 (7th Cir. 2015). And the U.S. Supreme Court has explained that "a remedy for unsafe conditions need not await a tragic event," suggesting that inmates can successfully complain about unsafe drinking water without waiting for the onset of symptoms. *Helling v.*

3

*McKinney*, 509 U.S. 25, 33-34 (1993).  Thus, accepting Smith's allegations as true, which the Court must at this stage, the Court finds that Smith states a claim upon which relief can be granted.

Having found that Smith states a claim, the Court must determine against whom his claim is stated.  Smith sues Warden Randall Hepp, Deputy Warden E. Propxen, and Security Director J. Falke.  Smith does not mention any of these individuals in his allegations.  Presumably, the warden is ultimately responsible for deciding how the institution will respond to or remedy the allegedly contaminated water problem.  It is less clear whether the deputy warden and security director would be involved in those decisions.  Because §1983 requires that a defendant be personally involved in an alleged deprivation to be liable and because Smith does not allege facts from which the Court can reasonably infer that the deputy warden and security director are involved, Smith fails to state a claim against Propxen and Falke.  *See Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996).

**IT IS THEREFORE ORDERED** that Smith's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that E. Propxen and J. Falke are **DISMISSED** based on Smith's failure to state a claim against them.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Smith's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Randall Hepp.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Hepp shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Smith shall collect from his institution trust account the $333.53 balance of the filing fee by collecting monthly payments from Smith's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Smith is transferred to another institution, the transferring institution shall forward a copy of this Order along with Smith's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Smith is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Smith is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Smith may find useful in prosecuting this case.

Dated at Green Bay, Wisconsin this 8th day of November, 2021.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge